In the United States District Court for the
Northern District of Alabama, Southern Division

| | |
|---|---|
| **The Barber Vintage Motorsports Museum,**<br>    Plaintiff,<br><br>              v.<br><br>**Craig Frost and**<br>**Air Charter Professionals, Inc.,**<br>    Defendants. | |

## NOTICE OF REMOVAL

Defendants Craig Frost and Air Charter Professionals, Inc. hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441.

### 1. PROCEDURAL HISTORY

1. This action initiated on the filing of a Complaint for Declaratory Judgment and to Quiet Title in the Circuit Court of Jefferson County, Alabama as Case No. 01-CV-2017-905117.00 on or about December 6, 2017. (See generally, Complaint, attached hereto along with the court file as Exhibit A). The Circuit Court of Jefferson County is a state court within this judicial district and division.

2. Both Defendants were served via Certified Mail on December 26, 2017. (*See* Exhibit A.)

3. The Barber Motorsports Museum has alleged in its Complaint that it is the owner of a MTT Y2K Turbine motorcycle with vehicle identification number

SP25918LA (the "Motorcycle"), despite Air Charter Professionals, Inc.' unchallenged physical possession of the Motorcycle and its title since 2012. (*See id.*)

4. The Motorcycle was recently allegedly sold at auction on January 12, 2017 for $126,525.00. (*See id.*)

5. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> a. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> b. Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

6.  Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

## 2. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

This Court has original jurisdiction over this matter because of the parties are diverse and the value of property exceeds $75,000.00

### 2.1. The Parties are Diverse.

7.  The Parties to this action are citizens of different States pursuant to 28 U.S.C. § 1332(a)(1).

8.  The Barber Vintage Motorsports Museum is a non-profit corporation organized and existing in the State of Alabama. (*See* Exhibit A).

9.  Defendant Craig Frost is an individual residing in the State of Washington. (*See id.*).

10. Defendant Air Charter Professionals, Inc. was, at all relevant times, a for-profit corporation organized and existing under the laws of the State of Florida, with its principal place of business in Idaho. (*See id.*).

11. Air Charter Professionals, Inc. has never incorporated, had a principle place of business, or otherwise had significant business conduct within the State of Alabama.

### 2.2. The amount in controversy exceeds $75,000.

12. The value of the property at issue exceeds $75,000. 28 U.S.C. § 1332(a).

13. "[T]he amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs, Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977); *see also Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993).

14. The fair market value of the Motorcycle was recently determined to be $126,525.00 on January 12, 2017 set via open auction. (*See* Exhibit A).

### 3. ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to

state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### 4. PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

18. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b)(1), as it is being filed within "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Specifically, this Notice of Removal is filed within thirty (30) days of Defendants' receipt of service.

19. Defendants have not previously sought similar relief.

20. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

21. Defendants reserve the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

22. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, **REDACTED** prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,
***/s/   Joseph E. "Tripp" Watson, III***
Joseph E. "Tripp" Watson, III
Attorney for the Defendants
The Watson Firm
2829 2nd Avenue South, Suite 220
Birmingham, Alabama 35233
205.545.7278
tripp@watson-firm.com

## CERTIFICATE OF SERVICE

I certify that on Wednesday, January 17, 2018, I served a copy of this document on the parties listed below by ☐ First-Class Mail ☒ Certified Mail ☒ electronic mail ☐ notice through electronic filing ☐ hand-delivery:

The Barber Vintage Motorsports Museum
c/o Stephen Stallcup, Esq. and Joshua Baker, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618

*/s/   Joseph E. "Tripp" Watson, III*