IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE BARBER VINTAGE MOTORSPORTS MUSEUM<br>         Plaintiff,<br><br>v.<br><br>CRAIG FROST, et al.,<br><br>         Defendants. | Case No. 2:18-cv-00081-RDP |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss Craig Frost and Air Charter Professionals, Inc.'s Counterclaim. (Doc. # 13). Plaintiff/Counter-Defendant The Barber Vintage Motorsports Museum (alternatively referred to as "Plaintiff," "Counter-Defendant," or "Barber") contends that the counterclaim asserted against it is due to be dismissed on various grounds. (*Id.*). The Motion is fully briefed. (Docs. # 13, 16, 17). For the reasons explained below, the Motion (Doc. # 13) is due to be granted.

**I.  Background**

On December 6, 2017, Plaintiff filed its Complaint for Declaratory Judgment and to Quiet Title. (Doc. # 1-1). Defendants Craig Frost ("Frost") and Air Charter Professionals, Inc. ("ACPI" and, collectively "Defendants" or "Counter-Claimants") removed this action to federal court on January 17, 2018. (Doc. # 1). On January 24, 2018, Defendants filed their Answer, which included a counterclaim alleging a property interest in the 2004 MTT Y2K Turbine Motorcycle ("Motorcycle") that is the subject of this case. (Doc. # 3). Plaintiff filed its Answer to Defendants' Counterclaim on February 14, 2018. (Doc. # 7).

On May 16, 2018, Defendants filed an Amended Answer, Counterclaim, and Third Party Claim against non-party Mecum Auction, Inc. ("Mecum"). (Doc. # 11). This Amended Answer also added a "Counterclaim against Barber," which requests that a judgment be entered against Barber for actual, compensatory, and punitive damages along with attorney's fees and costs. (*Id.* at ¶¶ 58-70). In the counterclaim, Frost and ACPI allege that Barber purchased and took possession of the Motorcycle with actual or constructive knowledge of its disputed title, failed to conduct a proper title search before taking possession of the vehicle, and willfully ignored the results of a title search that showed or would have showed ACPI was the rightful owner. (*Id.* at ¶¶ 59-61). Counter-Claimants further allege that Barber had notice and constructive knowledge that Allen Smith, the owner and seller of the Motorcycle through Mecum's auction, had previously sold other vehicles with questionable (and sometimes verifiably fraudulent) ownership and that, despite this knowledge, Barber persisted in its possession and claim to the Motorcycle. (*Id.* at ¶¶ 62-63).

In their Counterclaim, Frost and APCI also claim that Barber has failed to: (1) demand presentment and execution of an assignment and warranty of title to the Motorcycle as required by Alabama Code § 32-16-44;[1] (2) register the license to the Motorcycle as required by Alabama Code § 32-6-61; and (3) register the title to the Motorcycle as required by Alabama Code § 32-8-30. (*Id.* at ¶¶ 64-66). They allege that Barber has willfully failed to register the Motorcycle's license and title because it knows or has reason to know that such a registration would be denied due to ACPI's prior ownership title. (*Id.* at ¶ 67). Counter-Claimants also assert that Barber has willfully refused to deliver possession of the Motorcycle to ACPI despite numerous demands to

---

[1] The court notes that Alabama Code § 32-16-44 is not a statute. The court understands that Counter-Claimants intended to cite Alabama Code § 32-16-4.

do so, Barber's continued use of possession of the Motorcycle is intended to permanently deprive ACPI of its possession, and these actions constitute a felony under Alabama Code § 32-8-81. (*Id.* at ¶¶ 68-69). On May 30, 2018, Counter-Defendant filed a Motion to Dismiss, arguing that, as stated, the counterclaim alleges no discernable cause of action. (Doc. # 13). Below, the court evaluates the form and allegations of the counterclaim.

## II. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleaser is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for

relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Candield, Paddock & Stone, PLC*, 413 Fed. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556. Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

**III. Analysis**

Barber argues that Frost's and APCI's counterclaim contains contradictory statements, does not abide by applicable pleading standards, and is improperly based on alleged violations of Alabama law. (Docs. # 13, 17). Counter-Claimants maintain that contradictions in their pleadings are not grounds for their dismissal and that Alabama law recognizes civil causes of action for criminal violations of the Alabama Code. (Doc. # 16). For the reasons explained below, the court agrees with Barber that the counterclaim against Barber leaves a reader of the

Amended Answer and Counterclaim (Doc. # 11 at ¶¶ 58-70) wondering what specific claim or claims Counter-Claimants are attempting to allege in their pleadings.

A. **The Counterclaim Against Barber Is a Shotgun Pleading**

Under the Rules of Federal Civil Procedure, a pleading that states a claim for relief must contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a)(2), (3). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally, a party must limit its claims, as far as practicable, to a single set of circumstances and, if doing so would promote clarify, each claim should be founded on a separate transaction or occurrence. Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In explaining the purpose of Rules 8(a) and 10(b) of the Rules of Federal Civil Procedure, the Eleventh Circuit has stated as follows:

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case . . . can be masked, are flatly forbidden by . . . these rules.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985).

In this case, Frost's and ACPI's counterclaim pleading does not state what specific legal

5

cause (or causes) of action it is advancing. (*See* Doc. # 11 at ¶¶ 58-70). Specifically, the counterclaim pleading does not set forth each claim Counter-Claimants are making against Barber separately, in a short, plain statement that contains allegations of fact and references the statute or law under which each separate claim is brought and the relief sought under each separate claim. (*See id.*). Barber cannot properly defend itself against these counterclaims if it cannot discern what claims are being asserted against it. *See Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). And, the court cannot adjudicate the merits of these counterclaims if it cannot discern what specific counterclaims Counter-Claimants are alleging. *See T.D.S. Inc.*, 760 F.2d at 1543 n.14. Accordingly, Frost's and ACPI's "Counterclaim against Barber" (Doc. # 11 at ¶¶ 58-70) is due to be dismissed as it is a shotgun pleading. *See id.* (explaining that shotgun pleadings are "flatly forbidden").

### B. The Counterclaim Against Barber Does Not Properly Allege a Civil Cause of Action based on a Criminal Violation

At one time, Alabama law provided that "every criminal act which injures the person or property of another is also a civil tort, redressable by the courts." *Hardie-Tynes Mfg. Co. v. Cruse*, 66 So. 657, 661 (Ala. 1914). However, in *Martinson v. Cagle*, the Alabama Supreme Court clarified that statement by explaining that, although an act that constitutes a crime may also serve as the basis of a civil action, civil liability does not exist automatically. 454 So. 2d 1383, 1385 (Ala. 1984). Rather, civil liability exists "only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted." *Id.* at 1385; *see Prill v. Marrone*, 23 So. 3d 1,

11 (Ala. 2009) (holding that Alabama law did not provide a private right of action for criminal conspiracy or criminal complicity). Here, Counter-Claimants' pleading has not explained how the Alabama criminal statutes they cite constitute a cause of action for which relief may be granted. (*See* Doc. # 11 at ¶¶ 58-70). As such, these allegations are due to be dismissed.

**IV.    Conclusion**

For the reasons outlined above, the Motion to Dismiss (Doc. # 11) is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 19, 2018.

     /s/ R. David Proctor
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE